IN THE

## *SUPREME COURT OF JUDICATURE*

OF THE

## STATE OF NEW-YORK,

IN NOVEMBER TERM, IN THE THIRTIETH YEAR OF
OUR INDEPENDENCE.

---

### Noah Weed *against* Caleb Ellis.

DEBT on an arbitation bond entered into with the plaintiff, by which he, as guardian of *Eber Weed*, submitted to three indifferent persons, all things relating to a suit brought by him, in the same capacity, against the defendant for assaulting and falsely imprisoning said *Eber Weed.* Plea, *nul agard;* to which the plaintiff replied, setting forth an award, reciting that they, the arbitrators, being " named " by and between *Eber Weed*, by his guardian, *Noah Weed*, " of, &c. and *Caleb Ellis*, of, &c. did award, that *Caleb Ellis* " should pay to *Noah Weed*, guardian of *Eber Weed*, the sum " of $112, and each settle with his own witnesses," with the usual averment, that the defendant had not paid. Demurrer *inde*, shewing for cause; 1st. That there was no *profert* of the award. 2d. That it was without the submission. 3d. That it wanted mutuality; and, 4th. That it was not final.

*Henry* in support of the demurrer. As to the *profert*, no great reliance ought, perhaps, to be placed on that; but,

NEW-YORK,
Nov. 1805.

Weed
v.
Ellis.

The guardian of an infant may submit to arbitrators on behalf of his ward, and a performance will be a bar to a suit by the infant when of age, for the same matter.

H h

as the award was under seal, it would seem necessary to make the same *profert*, which is required in pleading other instruments of a similar description. On the second point, it is to be observed, that the bond is in favour of the plaintiff individually; the defendant is bound to him personally; and the submission is, " by the said *Caleb*, and the said " *Noah*, guardian as aforesaid," yet, the recital of the award states it to have been made by persons named " by " and between *Eber Weed*, by his guardian, and *Caleb Ellis*." The infant does not submit. The recital, then, is plainly of an award not warranted by the submission. This is fatal; for the one must be according to the other. *Kyd*, 278. There is also a total want of mutuality. The payment of the $112, is to *Noah Weed*, without a single act to be done by him; and it cannot be said that the money infers a release, because the rights of an infant cannot be submitted. He is not concluded; for he may, the very instant he is of age, disavow all his guardian has done. Therefore, it cannot be final. For the necessity of an award being mutual, *Kyd*, 218, 259, 260.

*Woodworth* contra. The replication sets out the award in *hæc verba*, and therefore supersedes the necessity of a *profert*. Though an infant's rights cannot be disposed of by his guardian, yet there is such a general control over them, that they may be submitted to arbitration. In *Roberts* v. *Newbold, Comb.* 318, the very thing was done, and in 1 *Com. Di.* 537, the same doctrine is recognised. At law, the guardian in a suit, is the protector of the rights of the infant, and may bind himself that his ward shall perform. In an action by an infant, his guardian may receive the money recovered, and give an acquittance for it. He is the mere instrument though which the infant's claims are satisfied; and therefore, the award of a sum of money to him, it being for the benefit of the infant, is good. 1 *Com. Di.* 543. Nay, an award of money to a third person is valid, if it appear that the parties submitted for him. *Bird* v. *Bird*, 1 *Salk.* 74. Certainly, then, it must be so, if to him who submits for another. The award is clearly mutual;

for to make it so, it is requisite only that the money paid be a final discharge of all claims.

LIVINGSTON J. In *Purdy* v. *Delavan*,* we decided, that an award, ordering payment of a sum of money, carries in itself a mutuality, as it must be held in satisfaction of, the matter submitted.

*Woodworth.* Then the only point is as to the right to submit. If the guardian has it, the receipt of the sum awarded in satisfaction of that which he was authorised to submit, must be final. The award of the arbitrators, after reciting the suit and submission, is, that they " thereupon" determine. In 1 *Com. Di.* 548, it is laid down, " if there be a " submission of all matters, an award *de et super præmis-* " *sis,* that one shall pay so much to the other, is good, for " being *super præmissis,* (or thereupon) it must be held to " have been in satisfaction of the matter submitted."

*Henry* in reply. The use of a *profert* is, that *oyer* may be demanded, and though a deed be set out in the declaration, *profert* is nevertheless necessary. But, it is confessed, this objection is not much relied on. The reasoning, however, of the other side, admits the award to be neither final nor mutual. It is acknowledged that the infant is not concluded ; if so, it cannot be final, nor can it be mutual. To give it the semblance of mutuality, it should have gone further, and awarded certain things to be done by the plaintiff, in case the infant should not abide by the determination of the arbitrators. The plaintiff was only guardian *ad litem ;* and though a guardian in *soccage*, or by nurture, or even a testamentary guardian, may submit, one who is merely *ad litem*, cannot. His power is only for a specific purpose, and as it is a delegated authority, cannot be exceeded, or transferred.

*Per curiam*, delivered by LIVINGSTON J. The first objection to this award is founded on a want of power in the guardian to submit. Hence it is said, the award is not mutual, and the infant's rights not concluded.

It is difficult to conceive how it should ever have been doubted whether guardians had this power, or whether they were not bound by their bond, or whether an award

NEW-YORK,
Nov. 1805.

Weed
v.
Ellis.

* 1 Vol. 304.

under these circumstances, did not put an end to all contro-
versies submitted between the infant and other party. That
an infant himself should not bind himself in this way, is
right, but for this very reason, a power should be lodged
elsewhere; and where can it be so properly intrusted as to
the very person who has the care of all his property? for the
present plaintiff does not appear a guardian *ad litem* only,
and must therefore be supposed competent to judge whe-
ther a suit or arbitration will be most likely to promote the
interest of his ward. But this point is settled in *Roberts* v.
*Newbold*, where it is allowed, that a guardian may submit
for an infant, and even if the latter gives a bond himself, it
is not void, but only voidable. With this also agrees the ci-
vil law, by which, although an infant cannot bind himself by
a submission, yet, if any one will become his surety, a re-
medy may be had against the latter, for the infant's non-per-
formance.

There is as little reason to say the award is not final. Af-
ter reciting their authority to settle all controversies between
the defendant and infant, the arbitrators award, "that the
" former shall pay a certain sum to the guardian, and that
" each party shall settle with his own witnesses." There
can be no doubt that payment of this sum to the guardian
would operate as a discharge to the defendant for every de-
mand of the infant, and that the award is, of course, suffi-
ciently conclusive. The only remaining objection is, that no
*profert* is made of the award in the replication. That this
is necessary, we can find no authority. The action is on the
bond, and, in answer to the plea, the award is set forth in
*hæc verba.* This is the usual way, and must be sufficient.*
The replication is therefore good, and the plaintiff must have
judgment.

* The reason
why a *profert*
of an award is
not required,
is, because it is
not a deed.