## WESTON *vs.* STUART.

A guardian has a *general* authority to submit to arbitrators, questions and controversies respecting the property and interests of his ward.

*It seems* a wife may join her husband in submitting to the decision of arbitrators, a question touching the title to *her* lands.

By the terms of submission, the arbitrators were to ascertain whether the defendant had paid a full and *adequate consideration* for a certain farm that had been conveyed to him by the plaintiff's ward — and if not, then to find what the deficiency was as to amount — and in what manner, and when it should be paid — or to award that he should reconvey it and receive back what he had paid. The arbitrators awarded that he should pay a specified sum, in money, notes and claims held by him against the plaintiff's ward, and by releasing a small part of the land — it was held, that the arbitrators had not thereby exceeded their authority.

THIS was an action of debt on a bond given by the defendant to the plaintiff for the performance of an award. The general issue was pleaded, with a brief statement setting forth sundry matters of defence.

" It appeared that on the 15th of *February*, 1830, one *Joseph Comings*, conveyed to *Zilpha Stuart*, the wife of the defendant, a certain farm in fee. That afterwards, the said *Comings* was duly placed under the guardianship of the plaintiff, being then a lunatic. That the guardian apprehending that an adequate price had not been paid or secured, for such real estate, procured a submission of the matter to arbitrators. After the formal commencement, the terms of submission proceeded as follows : to submit to the determination of *J. Richards, E. Blake* and *J. Whiting*, or such substitute or substitutes as may be mutually chosen and agreed upon in writing, the following matters and things, *viz :* Whether a full and adequate consideration or price has been paid to *Joseph Comings*, for the real estate by him conveyed to *Zilpha Stuart*, by his deed dated the 15th of *February*, 1830, and in case the said arbitrators should determine that the said *Comings* has received a full and adequate consideration for the real estate conveyed by said deed, they are to award, that the said *Zilpha Stuart*, shall hold said real estate forever, acquitted and discharged from any further claim upon her, or her

husband, for and on account of said real estate, to be made by said *Comings*, or his guardian, or legal representative.

2. "If said arbitrators should be of opinion, or upon full investigation of all matters and things touching the value and consideration paid to said *Comings*, for said real estate conveyed by said deed, that said *Comings* has not had and received a just and full and adequate consideration and price for the real estate, then the said arbitrators are to proceed to determine, and we hereby submit to the determination of said arbitrators or their substitutes, what further sum shall be paid to the said *Comings*, or said *Weston* as his guardian, in order to make the consideration full and adequate for said real estate and interest.

3. "If said arbitrators determine that a further sum is due to the said *Comings*, for the said real estate, then they are to determine, whether, under all the circumstances of the case, the said *Stuart* shall pay said further sum, in what manner he shall pay it, and at what time; or whether the said *Weston* shall pay the said *Stuart*, the amount that has been paid to said *Comings*, and interest; how he shall pay it, whether in land by appraisal by them made, or any other way; and at what time the payment shall be made, and to award proper deeds of conveyance according to their determination."

For the performance of the award to be made in pursuance of the foregoing articles of submission, the bond was given which was sued in this action.

The arbitrators awarded that the sum due from the defendant for the deficiency aforesaid was $2070,48 — that he should pay the plaintiff $1587,83 in money and in certain notes, receipts and just claims which he had against said *Comings* — and also that he should give a release of a portion of the land conveyed, of the estimated value of $482,65.

The defendant offered in evidence the deed from said *Comings* to his wife, the consideration therein purporting to be $1000 — and offered to prove that the farm was worth not more than from $1500 to $1700 — but *Weston J.* rejected the offered evidence.

The defendant made many objections to the plaintiff's recovery in this case, which appear in the argument, and which were all overruled by the Judge. A verdict was returned for the plain-

tiff, for the penalty of the bond and interest, which was to stand or be set aside, according as the opinion of the whole Court should be upon the correctness of the ruling of the presiding Judge.

*Allen*, for the defendant, objected,

1. The guardian has no authority as such to enter into the submission. He cannot by his own contract bind the estate of his ward. *Thatcher* v. *Dinsmore*, 5 *Mass.* 299; *Trott* v. *Fuller*, 6 *Mass.* 58.

The submission contemplates that the plaintiff shall in a certain event pay money and convey land of the ward. If he had no power to do so, there could be no *mutuality*. *Kyd on Awards*, 36, 38.

2. The submission is void — a married woman cannot become a party to a submission. *Fowler* v. *Shearer*, 7 *Mass.* 14; *Kyd* 35. A husband may submit for himself and wife — but here the wife is sought to be made a party by her own submission.

3. The award is void, because it does not pursue the submission. The question was whether the land was worth more than had been paid for it — and if so, how much should be paid back, and the time and manner of paying it. *Or*, they might award that he should convey back *the whole*, and take what he had paid. But the arbitrators have done neither alone, but *both*. They make him *pay money*, and also *convey the land* in part.

4. The referees made a *mistake* — and the Court have power to correct it. *Kyd on Awards*, 189; *ib.* 360; *Bean* v. *Farnham*, 6 *Pick.* 274.

The proof offered and rejected was abundant to show the mistake. The defendant paid $1000. The referees say the deficiency was $2070,48 — making in all $3070,48. The proof of value would be $1600 — by which it appears that the referees made a mistake against the defendant of $1470,48. The award therefore should be set aside. 7 *Johns.* 557; 2 *Johns. C. R.* 339; 17 *Johns.* 405.

*Emmons*, for the plaintiff, to show that the wife was properly joined, cited 5 *Co. Rep.* 77; 1 *Rolls. Abr.* 246; *Cro. Jac.* 447; 1 *Rolls. Rep.* 268.

To show that the submission was good notwithstanding the

plaintiff was guardian, he cited 2 *Keb.* 7; *Jacob's Law Dic. Award;* 1 *Ld. Raym.* 246; *Kyd on Award,* 27; *Dyer,* 216, 217; *Com. Dig.* 217, *A;* 6 *Pick.* 269.

To the point relating to the alleged mistake he cited, *Dolbier* v. *Wing,* 3 *Greenl.* 421; *Thomas ex parte,* 3 *Greenl.* 50.

MELLEN C. J. — Several objections have been urged against the plaintiff's right to recover in this action; two against the legality of the submission, and one against the legality of the award. Without pausing to inquire how far *either* of the parties is entitled to contend against the formality of the submission to which *both* have solemnly assented, or object to the right so to assent and contract, we proceed at once to the consideration of the objections. To understand them clearly, it may be useful to state in a summary manner, some of the facts which led the parties to enter into the submission. It appears, that on the 15*th* of *February,* 1830, one *Joseph Comings* conveyed to one *Zilpha Stuart,* the wife of the defendant, a certain parcel of real estate in fee. That afterwards, the said *Comings* was duly placed under the guardianship of the plaintiff, being then a lunatic. It seems that the guardian apprehended that an adequate price was not paid or secured for such real estate, and thereupon the plaintiff, and the defendant with his wife, executed the bond of submission, bearing date *April* 9, 1832, on which the proceedings in question are founded. The first objection is, that the plaintiff, as guardian of *Comings,* had no legal authority to enter into the submission. That a guardian has a *general* authority to submit to arbitrators or referees questions and controversies respecting the property and interests of his ward, seems to be well established by the authorities cited by the counsel for the plaintiff. There does not appear any good reason why he should not possess this legal authority as well as an executor or administrator. It is said, that as the plaintiff, in his capacity of guardian had no right to dispose of the real estate of his ward by deed, without a license from the appropriate tribunal, he surely could have no right in an indirect mode to effect the same object. Be it so. But if we look to the terms of the submission, we find that no such object was in contemplation. The arbitrators were to enquire and decide " wheth-

er a *full* and *adequate* consideration or price has been paid to *Joseph Comings* for the real estate conveyed to *Zilpha Stuart*," and if they should decide that there had been, then they were to award that she "shall hold said real estate forever acquitted and discharged from any *further* claim upon her or her husband, for or on account of said real estate, to be made by said *Comings* or his guardian or legal representatives." But if they should be of opinion that said *Comings* had not received a just, full and adequate consideration and price for the real estate abovementioned, then they were empowered to decide " what further sum shall be paid to the said *Comings;* in *what manner*, and at *what time;* or whether the said *Weston* shall pay to said *Stuart* the amount that has been paid to said *Comings* and interest; *how* he shall pay it, whether *in land* by appraisal by them made, or any other way, and at what time the payment shall be made, and award proper deeds of conveyance, according to their determination." — By the award it appears that there was awarded to be paid by the defendant to the plaintiff the sum of $2070,48, " to make a full and adequate compensation or price for the real estate covered or conveyed to *Zilpha Stuart* by the said *Comings.*" In the above transaction the plaintiff seems to have promoted and protected the interests of his ward, in the discharge of what he considered his duty.

The second objection to the submission is, that the wife of the defendant joined with him in the submission, and executed the same. It is contended that she had no legal capacity to do this, and that it vitiates the submission. Whatever the common law may be as to the power of a wife in such a case, it is clear that in this State she may join with her husband in a deed of conveyance of *her* land, and the estate will pass. We do not at present perceive why she might not with her husband, by a submission of a question as to the title of her land, to the decision of arbitrators, make a contingent disposition of the land in this indirect manner: on this point we need not give any opinion. Her joinder with her husband could do no injury, as none of the particulars in the condition of the bond could bind her or affect her legal rights; the defendant only is bound by them. He and *his* estate only are liable for the sum awarded. Besides, several of the authori-

ties which have been cited by the counsel for the plaintiff shew that a wife may legally join with her husband in a submission to arbitration, where *her own* property is concerned.

The third objection is, that the arbitrators have exceeded their authority. They have designated the mode in which the sum awarded was to be paid, partly in money and partly in delivering up to the plaintiff certain evidences of debt, particularly described in the award ; this they had, by the terms of the submission, express authority to do. They have also awarded that the defendant shall release to *Comings*, or his guardian, a part of the land which *Comings* conveyed to him, as before mentioned, on which certain executions had been extended, for which *Comings* or his guardian shall allow him four hundred and sixty-two dollars and sixty-five cents. This is awarded, as the mode of doing justice to all concerned ; the land having been taken on execution as the property of *Comings*, it was proper that on *Stuart's* releasing all his claim to those parts, by the levy on which debts due from *Comings* had been paid, he or his guardian ought to pay or rather allow the sum mentioned to *Stuart :* we are to presume that it was the fair value of the same. We perceive no excess of authority in all this. It is a part of the manner of payment, which the arbitrators were expressly empowered to prescribe. No title of real estate belonging to *Comings* is thereby affected, but only a right of action against *Comings* extinguished by the release ordered to be given by *Stuart.* The remainder of the award has reference merely to *the time* of payment of the sum due.

One further objection has been made against the ruling of the Judge, by which certain evidence, which was offered by the defendant, was rejected. It is said, that there was a *mistake* committed by the arbitrators in their estimate of the value of the land conveyed. We need not here inquire whether this could be shewn as an objection in this action ; because no such intimation was made when the rejected evidence was offered. On this point the report states, that the defendant " offered proof that the actual value of said farm at the time of said conveyance was less than $2000 ; *viz.* from $1500 to $1700, which proof was rejected." In the offer of the proof nothing is said or pretended about any mistake of any kind, but merely that he could prove, that in the

opinion of his witnesses, the value of the land was *less* than the arbitrators considered it to be. By the submission, *they* were to settle the question of value — and settle it finally and conclusively. On this ground the evidence was very properly rejected. On a view of all the objections, we are of opinion that there must be

*Judgment on the verdict.*