## Hutchins *against* Johnson.

A conservator may submit to arbitration the claims of his ward.

In an action by a conservator, averring that he was legally appointed, he must prove his appointment, by the record of the county court ; and it is essential to the validity of the appointment, that notice of the application should have been given, as required by statute, and that this fact should be found by the court: The officer's return on the writ shewing the requisite notice, though a part of the files accompanying the record, is not sufficient, without such finding.

A conservator cannot maintain an action, in his own name, on an award, *Windham,*
where the submission was made by him, and the award was to him, in his July, 1837.
representative character; but it should be brought in the name of the ward.

Hutchins
*v.*
Johnson.

THIS was an action of *assumpsit* on an award of arbitrators, brought by *Asa Hutchins,* " as conservator legally appointed of *Benjamin Johnson,* a distracted person," against *Alfred Johnson.*

The declaration contained two counts. In the first it was alleged, " That on the 16th of *August,* 1835, certain differences and disputes had arisen and were then existing between the plaintiff, as conservator as aforesaid, and the defendant, concerning the use and occupation of the farm, stock, farming tools and hay of the said *Benjamin Johnson,* before that time, by the defendant; and thereupon, to put an end to said differences and disputes, the plaintiff, as conservator as aforesaid, and the defendant, on the day and year last aforesaid, respectively submitted the same to the arbitrament and award of *Josiah Thayer* and *Simon Buck,* to be made of and concerning said differences and disputes; and in consideration that the plaintiff, as conservator, as aforesaid, at the special instance and request of the defendant, had undertaken and promised the defendant to perform and fulfil the award of the said *Josiah Thayer* and *Simon Buck,* to be made between the plaintiff as aforesaid and the defendant of and concerning said differences and disputes, in all things therein contained on his part to be performed and fulfilled, the defendant undertook and faithfully promised the plaintiff, as aforesaid, to perform and fulfil said award, in all things therein contained on his part to be performed and fulfilled." The declaration then stated the making and publication of an award, by the arbitrators, of and concerning said differences and disputes, whereby they awarded, that the defendant should pay to the plaintiff, as conservator as aforesaid, 150 dollars, for the use of the farm, stock, farming tools and hay, in full satisfaction and discharge of said matters in difference, on demand; of which award the defendant had due notice.

The second count was substantially like the first, except that it recited the award, which was in these words: " It is our judgment that *Alfred Johnson* shall pay 150 dollars, for the use of the farm, stock, farming tools, &c." [Signed by the arbitrators.]

Windham,
July, 1837.

Hutchins
v.
Johnson.

The cause was tried at *Brooklyn, January* term, 1837, before *Waite*, J.

To prove the plaintiff's capacity of conservator to *Benjamin Johnson*, he introduced copies of the files and records of the county court making such appointment. The record did not state that the court had found, that notice had been given to *Johnson*, as the statute requires; but it appeared from the return of the officer endorsed on the application praying for the appointment, that the application and the summons accompanying it, had been duly served, by a proper officer, upon *Johnson*, agreeably to the requirements of the statute. The defendant claimed, that unless it appeared from the record that the court had found that such notice had been given, the appointment was invalid; and that it was not sufficient that this fact appeared from the officer's return. The judge decided, that the appointment was not, for the reason assigned, invalid.

The plaintiff introduced parol evidence of the submission and award, as stated in the declaration; and claimed, that if these were proved to the satisfaction of the jury, he was entitled to recover. The defendant denied that any such submission and award had been made, and prayed the judge to charge the jury, that the plaintiff, as conservator, had not by law authority to submit the claims of *Johnson* to arbitration, and could not bind him by a submission; that there being no obligation resting on the plaintiff, the defendant was not bound by the submission; and that if the defendant were bound, the plaintiff had no such interest in the subject matter of the suit as would enable him to maintain this action in his own name.

The judge (*pro forma*, it was understood,) charged the jury in conformity to the claim of the plaintiff, and in opposition to the claims of the defendant; and the plaintiff had a verdict. The defendant thereupon moved in arrest of judgment for the insufficiency of the declaration, and for a new trial for a misdirection.

*Larned* and *Strong*, in support of the motions, contended, 1. That the plaintiff was not duly appointed conservator; no notice of the application to the county court having been given to *Johnson*, as the statute requires. *Stat*. 314, 5. (ed. 1835.) Such notice is expressly declared by statute to be an indispensable pre-requisite to the appointment; and even

without such provision, the fundamental principles of justice require it.   *Chase* v. *Hathaway*, 14 *Mass. Rep.* 224.   And the court must *find* that notice has been given ; otherwise it has no jurisdiction of the subject.   The jurisdiction conferred is a *special* one ; and nothing which is not explicitly found by the decree, can be inferred.   The officer's return is but *prima facie* evidence, and not conclusive.   Every legal presumption is in favour of a person's capacity to manage his own concerns, and against his having waived any right affecting this privilege.

2.  That if the appointment was valid, it did not confer the power of submitting a controversy of the ward to arbitration.  A conservator has no power to create a court to determine the rights of his ward, and to give laws by which that court is to be governed.   Nor was this power necessary to the exercise of the other unquestionable powers.   The select-men cannot submit a matter affecting the right or liability of the town.   *Griswold* v. *North-Stonington*, 5 *Conn. Rep.* 367.   An administrator may submit ; and the reason is, the *legal interest* is in him.   But in this case, the conservator had no legal interest in the matter in controversy.

3.  That if the submission and award were valid and binding, the conservator could not sue upon the award in his own name.   To test this point, suppose that the present conservator dies, and another is appointed ; can the successor maintain an action on the award ?   The rights and powers of a committee of a lunatic are as great as those of a conservator ; but if the action be brought by the committee, and not by the lunatic, it will be bad.   2 *Saund. Ev. & Pl.* 650.   *Com. Dig. tit.* Idiot. D. 7.   1 *Vern.* 262. note by *Raithby.*   *Shelford on Lunacy*, 395.   A conservator is but the agent of the law.  He cannot recover damages for himself.

*Backus,* contra, contended. 1. That the record of the plaintiff's appointment as conservator, was properly received.   The objection is, that the court have not found the fact that notice of the application was served upon the ward.   It did, however, appear from the files of the county court, that such notice had been served, previous to the appointment, agreeably to the provisions of the statute.   Is not this sufficient ?   It is ; because, first, the files are considered as part of the proceedings

*Windham,*
July, 1837.

Hutchins
*v.*
Johnson.

of the court. Secondly, because the officer's return is the proper evidence of the fact. The statute does not require that the court shall *find* that fact: it only requires the existence of it  The officer's return, it will be conceded, was evidence sufficient to authorize the county court to find the fact. Is it not as good evidence of the same fact to any other court?

But it is said, this was only *prima facie* evidence. Grant it; what then? *Prima facie* evidence, uncontradicted, is equivalent to conclusive evidence. In all actions at law, it is as necessary that the defendant should have notice by service, as in a proceeding of this kind; but the record never finds that fact: it merely refers to the file, as the record in this case does.

Further; if the judgment of the county court be erroneous, it cannot be impeached in this way: it must stand until reversed. 2 *Stark. Ev.* 705. *McNeil* v. *Bright* & al. 4 *Mass. Rep.* 303. *Smith* v. *Rice*, 11 *Mass. Rep.* 512.

2. That a conservator has power to submit to arbitration. An executor or administrator has this power. *Alling*, admr. v. *Munson*, 2 *Conn. Rep.* 691. *Coffin* v. *Cotile*, 4 *Pick.* 454. *Bean* v. *Farnam* & al. 6 *Pick.* 269. *Dickey* v. *Sleeper*, 13 *Mass. Rep.* 244. A conservator has unlimited controul over all the estate, except the power of selling the real estate. The executor or administrator has no greater controul. That it was the design of the legislature to give the conservator this controul, is obvious from the provision requiring him to return a true and perfect inventory and to give bond. Why return an inventory, if the property be not entrusted to him, and if he have not a right to the possession and controul of it? Why give bond, if he have no power, by reason of his controul over it, to waste and destroy it?

The agents of a town for prosecuting or defending a suit, have the power to submit the matter in controversy to referees. *Buckland* v. *Conway*, 16 *Mass. Rep.* 396. A guardian also has power to submit on behalf of his ward. *Weed* v. *Ellis*, 3 *Caines* 253. *Roberts* v. *Newbold*, *Comb.* 318. 6 *Pick.* 272.

3. That a conservator may bring a suit in his own name in behalf of his ward. First, because this power is expressly given to him in the statute, which says, that "he shall have power to collect all the debts and to institute suits for that purpose." *Stat.* 274. *tit.* 49. *s.* 2. Secondly, because from the

duties imposed and rights and powers conferred on him, by the statute, it is manifest that he is a trustee, in whom is the legal interest in all the personal estate and choses in action. An administrator may sustain a suit on an award in his capacity as an administrator. *Alling*, admr. v. *Munson*, 2 *Conn. Rep.* 691. 694. 695. *Nettleton*, admr. v. *Buckingham*, 1 *Root* 149.

At any rate, a conservator may bring a suit in his own name on an award which was procured by his agency, acting as conservator. If he have the power to submit, as it has been shewn he has, the power of sustaining a suit on the award, would seem to result as a necessary consequence. Had this been a written submission, signed by the plaintiff as conservator, and the award had been to pay him as conservator, could there have been any doubt that he might sue on it? As the submission was by parol, may not the promise to abide the award be considered as made to him as conservator; and may not the award be considered as payable to him in that capacity?

WILLIAMS, Ch. J. The first question is, can a conservator submit to arbitration, questions relative to the estate of the award? It has been settled, by this Court, that an administrator may submit claims in behalf of the estate to arbitration. 1 *Sw. Dig.* 365. *Alling*, admr. v. *Munson*, 2 *Conn. Rep.* 691. 696. *Bean* v. *Farnam*, 6 *Pick.* 269. 271. It is true, that an administrator has a legal interest in the goods and chattels of the deceased. A guardian, too, may submit for his ward, and bind himself that the award shall be performed. *Roberts* v. *Newbold, Comb.* 318. It may be said, that a guardian has also a vested interest in his ward's property. This is true of a guardian in socage and a testamentary guardian under the statute of *Car.* 2. But it is only such an ininterest as is necessary for the performance of the trust, but not for himself. 14 *Vin. Abr.* 182. *Bedell* v. *Constable, Vaughan* 181–3. *The People* v. *Byron*, 3 *Johns. Cas.* 56. And a guardian in socage is said to differ only in name from a bailiff. *Cro. Jac.* 99. And in the case of *Weed* v. *Ellis*, 3 *Caines*, 253. it was held, that a guardian could submit a claim, arising from an assault and false imprisonment upon the infant, where no interest whatever had vested in him; and *Livingston*, J., says: "It is difficult to conceive how it could

*Windham,*
*July, 1837.*

Hutchins
*v.*
Johnson.

*Windham,*
July, 1837.

Hutchins
*v.*
Johnson.

ever have once been doubted whether guardians had this pow-er. For the very reason that an infant should not bind him-self in this way, a power should be lodged elsewhere ; and where can it be so properly intrusted as to the very person who has the care of all his property ?" The stat. of 12 *Car.* 2. au-thorizing the appointment of testamentary guardians, enacts, that such guardian may take into his custody, to the use of such child or children, the profits of all their lands, tenements and hereditaments, and also the custody, tuition and manage-ment of the goods, chattels and personal estate of such child or children, and may bring such action in relation thereto as by law a guardian in common socage may do. *Vaughan* 177. Our statute concerning conservators, directs, that the conservator shall make an inventory of the estate, take care of and manage it, without waste, and apply the avails to the support of his ward. It also gives him power to collect debts and institute suits, and adjust and settle all accounts due from or to him, and to sell the personal estate, &c. *Stat.* 274, 5. *tit.* 49. *s.* 1, 2. It would seem as if the statute conferred pow-ers as great as those given by the statute of *Charles* (although it has not been holden that it confers an interest ;) and in anal-ogy to the decisions relating to guardians, we think that a con-servator may submit to arbitration the claims of his ward. 6 *Pick.* 272.

The case of the select-men, to which it has been compared, cannot govern this ; for the select-men are not authorized even to prosecute suits in behalf of the town ; but the conservator may not only settle and adjust claims, but is expressly author-ized to institute suits. The objection to this power, therefore, cannot prevail.

Another question arises ; is this plaintiff a conservator ? He has stated, that he was legally appointed ; and, of course, he must prove it. The record of his appointment does not show, that notice of the application was ever given. Notice of such a proceeding, so important to the subject, is required, by the fundamental principles of justice. *Chase* v. *Hathaway*, 14 *Mass. Rep.* 224. Though it has been but recently required by our statute, our former practice showed the necessity of this regulation, which the legislature intended should be effectual ; for after directing that notice should be given, the statute adds, that a conservator shall in no case be appointed, unless notice

is given. *Stat.* 315. (ed. 1824.) A requirement so salutary should be rigidly enforced; and until such notice is given, the court has no more right to make the appointment, no more jurisdiction in the case, than any other tribunal. It would seem, then, as if it would result, as a matter of course, that a fact so important should be shewn to the court, before they proceed; and that it must be found by them, before their proceedings can be valid.

It is claimed, however, that this fact is proved, by the files of the court, *viz.* the summons and the officer's return. We have held, that the return of an officer is only *prima facie* evidence, at least not conclusive, of the truth of the fact certified. Now, suppose the defendant wishes to deny the fact therein stated; if the return is to be considered as part of the record, the party is concluded by that which we have held not to be conclusive. If it is no part of the record, how is it to be tried in this court? We cannot impannel a jury to test the officer's return. Either way, therefore, the record cannot be helped, by the files. We see no reason, if the court below were satisfied, that the notice was given, why that fact should not have been found; and for want of such finding, this court cannot know of its existence.

The case presented then to us, is that of a court to whom an authority is delegated upon certain terms and conditions, having proceeded to act under that authority, without having seen that those pre-requisite conditions were complied with; in which cases we have held such proceedings void. *Allen* v *Gray* & al. 11 *Conn. Rep.* 96. *Hall* v. *Howd* & al. 10 *Conn. Rep.* 514. *Starr* v. *Scott*, 8 *Conn. Rep.* 480.

Another question also was made, whether the suit could be sustained, by this plaintiff, in his own name, were he conservator. The statute has given him power to institute suits, but has not authorized him to institute them in his own name. But it is claimed, that he may prosecute this suit in his own name, as it is upon a contract made with him. How it would have been, had he stated it as a contract made with him, we need not determine. But the plaintiff has been very particular to show, that he is acting and claiming in his *representative* capacity only. He calls upon the defendant to answer to him *as conservator.* He states, that, *as conservator,* he made the submission touching matters relating to the estate of his ward; and that, *as conservator,* he proceeded to perform, and that the

*Windham,*
July, 1837.

Hutchins
*v.*
Johnson.

award was to him *as conservator*—the precise language advised to indicate that he is not suing for himself.  1 *Chitt. Plead.* 205.   And the second count differs in no material respect, except as it sets forth the award.   If then, this is not a promise to him personally, he can no more sustain this action, than he can sustain an action, for the ward's goods or debts in his own name.   And in *England*, it has been long since decided, in case of a committee of a lunatic, that it is contrary to the nature of his authority to sustain suits in his own name. *Drury* v. *Fitch, Hutt.* 16.   *Cook* v. *Darston, Brownl.* 197. *Com. Dig. tit.* Idiot. D 7.   See also *Cameron's* committee v. *Pottingen,* 3 *Bibb* 11.   And as we find nothing in our own statute authorizing it, we are of opinion, that this declaration is insufficient, and also that a new trial must be granted.

In this opinion the other Judges concurred, except WAITE, J., who was absent, being indisposed.

Judgment to be arrested : and
New trial to be granted.