## Lamb *versus* Miller.

1. A tract of land was conveyed in consideration of a sum of money and subject to a covenant and agreement mentioned in the deed that the grantee shall maintain and keep the grantor in good and sufficient boarding, washing, lodging, making, and mending, during his natural life, and attendance in sickness and in health; the support and maintenance to be a lien and charge upon the land.   The grantor resided in the family of the grantee on the premises for above two years, when he was removed by his son to another county: *Held,* that the parties contemplated that the support and services should be furnished and rendered on the premises conveyed, and that on the removal of the grantee to another county without misconduct or provocation on the part of the grantor, the latter was not bound to render the support at the place of removal.

2. It was *held,* that an action of covenant, founded on the covenants in the deed, brought by the grantor against the grantee, several years after the removal of the former, and an award therein in favor of defendant which was not appealed from, was, as to the same matter, conclusive against the right of the executor of the grantor to recover the premises in ejectment.

ERROR to the Common Pleas of *Huntingdon county.*

This was an ejectment brought to April Term, 1847, by David Lamb, executor of the will of James Siars, deceased, against Christian Miller and George Lane, for a tract of 445 acres of land in Huntingdon county.   The title of the land was in James Siars, who, by deed dated 11th December, 1832, conveyed it to George Lane, the defendant, in consideration of $200, and the covenant in the deed, "to maintain and keep the said James Siars in good and sufficient boarding, washing, lodging, making, and mending, during his natural life, and attendance in sickness and in health."

Under this deed Lane took possession of the land, and Siars went into the family of Lane on the premises, and continued to live there and work for himself, in his shop on the land, for above two years, when one of his sons came from Jefferson county in this state, and took his father away when Lane was absent, and without consulting him on the subject.   The father continued to live with his son till his death in 1844 or 1845.

It was further agreed that the said support and maintenance of James Siars during his natural life shall be a lien and charge upon the land.

On part of the *defendants* was given in evidence an action of covenant in the name of James Siars *v.* George Lane, to August Term, 1842.   The writ issued on 5th May, 1842.   It was founded

[Lamb v. Miller.]

on the covenants in the deed referred to. March 7, 1844, award of arbitrators, finding for defendant. No appeal was entered. To the admission of the record in this case exception was taken on part of the plaintiff.

The case was tried before TAYLOR, J.

In relation to the question whether ejectment was maintainable on the deed, the Court charged as follows:—

" The question is, whether the performance of the covenant is so introduced into the deed that it is to be construed as a condition; or whether the deed is an absolute conveyance of the legal title, the vendor relying upon the covenant. In the former view, ejectment might be maintained. In the latter it could not be, but the vendor would have his remedy on the covenant, which would run with the land. In view of the decisions cited in cases bearing to it a very close analogy, we are of opinion this is a conditional grant; and we hold the action of ejectment, therefore, maintainable."

The Court further charged that the language of the deed implied a support, maintenance, care, and attention, to be rendered personally by Lane, on the land conveyed and on which Siars had resided, and which, from the nature of the contract, was to be the residence and home of Lane. That while he did so there was no breach of the covenant, and that he was not bound to follow Siars when he went away. He directed a verdict to be rendered for the defendants. Verdict was rendered for the defendants.

Error was assigned to the admission of the record of the action of covenant; and to the charge that the result of that action prevented the plaintiff in the action from recovering anything for maintenance prior to 5th May, 1842, when the writ in the action of covenant issued. 2. To the instruction as above stated; and to the direction as to the verdict.

*Fisher*, for the plaintiff in error.—That ejectment was maintainable he referred to 5 *Ser. & R.* 384; 9 *Watts* 15; 2 *W. & Ser.* 100; *Bac. Ab. Condition*, A. As to what shall be a breach of a contract; *Bac. Ab. Condition*, O; 2 *Chitty on Con.* 19, 22. The payor must seek the payee: *Bacon Ab. Con.* 2. That Siars was not bound to reside in Lane's family, and that Lane was bound to offer a support anywhere in the state, he referred to 4 *Barr* 305, Grant *v.* Levan; *Id.* 305; 2 *Whar.* 491; 6 *W. & Ser.* 546; 2 *Kent* 480.

The action of covenant was not conclusive as charged.

*Orbison*, for defendants.—The obligation on part of Lane was merely a charge, not a condition of forfeiture of the land, and

ejectment cannot be sustained: 8 *Watts* 396 ; 9 *Id.* 15 ; 3 *Barr* 72 ; 4 *Ser. & R.* 509 ; 4 *Kent* 124–127 ; 3 *Harris* 307, Paschall *v.* Passmore. The award in the action of covenant was to its extent conclusive : 4 *Watts* 183 ; 4 *Rawle* 288–9. There was no evidence of unkind treatment, and the instruction of the Court as to the contract was proper.

The opinion of the Court was delivered, June 17, by

BLACK, C. J.—James Siars being the owner of a piece of land, conveyed it to George Lane in 1832, subject, nevertheless, to the support and maintenance of James Siars ; and Lane covenanted in the deed that he would well and sufficiently keep, support, and maintain the said James Siars in good and sufficient boarding, washing, lodging, and making and mending of clothes, and attendance in sickness and health, during his natural life. Siars remained with Lane, receiving what he was entitled to get under the deed for about two years, when he was taken away to Jefferson county by one of his sons, and remained there until he died in 1845. Siars brought covenant against Lane in 1842. The cause was referred to arbitrators, who found no cause of action, and so awarded. This ejectment is brought to recover the land for the grantee's breach of the covenant in the deed.

Three questions arose on the trial below : 1. Was the maintenance of the vendor by the vendee a condition of the grant, for breach of which an ejectment might be sustained ? 2. Did the decision of the suit brought in 1842 bar all right to recover here for damages which accrued before that suit was brought ? 3. Is it the true construction of the contract that Lane was to follow Siars and furnish him meat, drink, lodging, mending, washing, and attendance in sickness and health, at any place where Siars might choose to go, or to give him the equivalent of these things in money ? The first of these questions was decided by the Court below in favor of the plaintiff, and therefore it does not arise here. We have to deal only with the two last.

1. The finding by the arbitrators that the plaintiff had no cause of action, was an award in favor of the defendant; and, unappealed from, it had the same force as a judgment entered in the Common Pleas. It was, therefore, the judgment of a Court of competent jurisdiction on the very point in controversy; and when the same matter came in issue again between the same parties, or their representatives, as it did in this case, the record of the first judgment was conclusive against the plaintiff's right to recover. This was the rule laid down in the Duchess of Kingston's case, and its correctness has never been disputed. The public interest demands that litigation should not be perpetual, and justice requires that when a man has once answered to a claim, and had judgment ren-

[Lamb *v.* Miller.]

dered upon it, either against him or for him, by a tribunal vested with power to try it, he should not be harassed for the same cause again.

2. The covenant or condition (call it which you will) must have a construction consistent with the plain reason and sober sense of the men who made it.   There was no agreement here to pay money, and it was, in our opinion, most manifestly contemplated by the parties that Siars should receive the necessaries promised at the only place where Lane could have them to give, and the personal attendance which his condition might require where Lane and his family would be present to render them.   If Lane had been guilty of misconduct, or had lacked good faith in the execution of his agreement, the case might be wholly different; but Siars lost all right to demand performance of the contract when he went away without cause or provocation, and so made it impossible for the other party to do what he had promised, except at an amount of trouble and expense which it would have been wholly unreasonable to require.

There was no error committed by the Court below on the specific points ruled against the plaintiff, and it was right also, upon the whole case, to direct a verdict for the defendants.

Judgment affirmed.