ORDINARY v. BENJAMIN F. DEAN ET AL.

1. In an action on a guardian's bond, it is a good plea in defence that the guardian settled his account in the Orphans' Court, on removal, and that the succeeding guardian presented a claim for the amount due to the assignee of the guardian under an assignment for the equal benefit of all creditors, and received a full distributive quota from such assignee, if the claim was presented in good faith, and for the benefit of the infant's estate.

2. The discharge of the guardian by the voluntary act of the succeeding guardian, in coming in under the assignment in good faith, but without the consent of the sureties, will equally release them from the bond.

3. The guardian and sureties are only released from such breaches as are included in the final settlement of the account in the Orphans' Court, and not from damages sustained by the infant's estate by alleged fraud or misconduct of the guardian.

On demurrer to pleas.

The defendants, Mahlon D. Dickinson and Samuel M. Lippincott, impleaded with Benjamin F. Dean, plead four pleas to the declaration filed in the name of the Ordinary in an action against them on a guardian's bond, dated December 26th, 1860, in the penal sum of $3000. Demurrers to the third and fourth pleas, joinders to these demurrers, and replications to the first and second pleas were filed. The defendant, Benjamin F. Dean, guardian, made no defence. The breaches assigned in the declaration are that the said Benjamin F. Dean did not, within three months from the date of

the bond, deliver to the surrogate an inventory, upon oath, of all the estate of the infant, Albert F. Dean, which he had received and taken possession of; and did not deliver to the surrogate an inventory of the personal property of said infant which came to his hands or possession after the date of said bond; that the said guardian did not take care of the estate of the said infant, and, though often requested so to do, did not render the estate of the said infant in the condition of the said bond mentioned to such person as by law had, (before the beginning of the suit,) become entitled to receive the same. The declaration avers demand of the estate of the infant by George W. Richman, who was appointed guardian to succeed Benjamin F. Dean, June 8th, 1877, and like demand by Albert F. Dean July 1st, 1879, after he had come to the age of twenty-one years; also the neglect and refusal to render and deliver the estate to either of them, by reason of which breaches the bond became forfeited and an action hath accrued.

The third and fourth pleas are alike in substance, setting out that on April 10th, 1877, Benjamin F. Dean, the guardian, made an assignment of his estate for the equal benefit of his creditors, according to the statute; that at the May Term, 1877, he stated and filed his final account in the Salem county Orphans' Court, and that the amount was passed and allowed by said court, decree made thereon, and the sum of $3722.95 was ascertained by the account and decree to be due from Benjamin F. Dean to the infant on account of his guardianship; that George W. Richman, who was appointed and accepted the guardianship of the infant, July 3d, 1877, presented a claim under oath, (in pursuance of the terms of the aforesaid act,) to William A. Wood, assignee, whereby he claimed said sum of $3722.95 decreed and found due on account of the guardianship; that Richman received from the assignee a fair and equal dividend from the estate of Benjamin F. Dean, amounting to $1869.61, which was paid, accepted and received by the guardian in full satisfaction and discharge of all moneys due from Benjamin F. Dean as guardian of said

infant, or for any matter growing out of the guardianship, and in full satisfaction and discharge of all damages sustained by the infant or any one in his behalf by reason of anything in the condition of the bond specified, and the breaches in the declaration mentioned, and that the defendants are thereby discharged from all liability.

Argued at November Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, REED and MAGIE.

For the plaintiff, *M. P. Grey.*

For the defendant, *C. H. Sinnickson.*

The opinion of the court was delivered by

SCUDDER, J.    The abstract from the pleadings above given shows that the defendants, Lippencott and Dickinson, who are sureties on the guardian's bond, rest their defence in this action on their third and fourth pleas, which have been demurred to, on the settlement by their principal to his final account in the Orphans' Court, and the acceptance by his successor in the office of guardian of a dividend from the assignee amounting to $1869.61, about one-half the sum of $3722.95, due by the decree of that court in such final settlement.

It must be assumed on the facts appearing in the record that the settlement of the guardian's account in the Orphans' Court was regular, and that the conduct of Richman, the succeeding guardian, in presenting the claim of the infant, was in good faith, and that he obtained a full and equal dividend of the entire estate of the former guardian, assigned by him under the statute for the equal benefit of all his creditors. That the second guardian had a legal right, in good faith, and exercising a fair discretion for the benefit of his ward's estate, to present a claim for this balance due him, and accept it from the assignee, can hardly be doubted.    He stands in the same position as any other trustee who may, generally, acting in good faith, compound or release a debt due the trust

estate. Such composition or release, for a valuable considera-
tion, is *prima facie* valid and effectual, and if the ward, after
becoming of age, seeks to impeach it, the burden is upon him
to show that it was not made in good faith, but in fraud of
his rights. *Torry* v. *Black*, 58 *N. Y.* 185 ; *Blue* v. *Marshall*,
3 *P. Wms.* 381 ; *Weed* v. *Ellis*, 3 *Caines* 253 ; *Weston* v.
*Stewart*, 11 *Me.* 326 ; *Hutchins* v. *Johnson*, 12 *Conn.* 376 ;
*Perry on Trusts*, § 482 ; *Schouler on Dom. Rel.* *463. It is
right, as the infant cannot act for himself, that some one
should be authorized in his behalf to compound and settle
with his debtor a claim made on account of his estate. In
this case the bond was made in 1860, and after the lapse of so
many years it might be that the sureties were irresponsible,
or that more could be obtained by presenting the claim under
the assignment than by action against the guardian and his
sureties on the bond ; if this were so, the act of the guardian
in presenting the claim and accepting the dividend under the
assignment, would be for the benefit of the infant's estate ;
but if, on the contrary, the sureties were good, and by pro-
ceedings on the bond the entire amount of the debt could
have been obtained, the ward, on arriving at full age, could
call him to account for his misconduct. But upon the plead-
ings as they now appear, we must assume that the guardian
acted discreetly and honestly for his ward's interest in putting
in the claim under the assignment and accepting the dividend
from the assignee of the guardian's estate, and, as in the case
of any other bond given for the performance of special con-
ditions, accord and satisfaction, with an averment of accept-
ance, may be pleaded in bar to the recovery of the damages
occasioned by breach of any of the conditions of such bond.
*Morris Canal Co.* v. *Van Vorst*, 1 *Zab.* 100. These pleas are
in the nature of accord and satisfaction, and aver an accept-
ance in full satisfaction of all the breaches charged in the
declaration. Admitting this to be true, and that the debt due
the ward's estate is settled and discharged as against his former
guardian, what will be the effect of such settlement and dis-
charge under the assignment in this action against him and

his sureties on this bond? His defence would be complete, and his discharge would be a bar to any recovery, for by section twenty-one of the statute, (*Rev., p.* 40,) " the creditors who shall come in under said assignment and exhibit their demands as aforesaid for a dividend, shall be wholly barred from having afterwards any action or suit at law or equity against such debtors or their representatives." The discharge of the debtor is final unless fraud be proved in the assignment. This result is effected by the voluntary act of the creditor in exhibiting his claim and coming in under the assignment. He is not compelled by the statute to accept a dividend in settlement with his debtor, but may hold his claim and take the chance of making it out of other estate, or property not included in the assignment; or in this case he might hold the guardian and his sureties on their bond, but he may not, by his voluntary act, without the consent of the sureties, release the principal by accepting a composition in discharge of the debt for which the bond has been given as security. It stands upon the same principle as giving time to the principal debtor upon a binding agreement without the consent of the surety, and will discharge the latter from liability. It is otherwise where the release of the principal, or co-obligor, is effected by statute, or by an order of court wherein he is not an actor.

Without referring to the many cases that might be cited as authority, the single case of *Guild* v. *Butler*, 122 *Mass.* 498, will illustrate this distinction between a composition deed by the act and consent of all creditors and the proceedings for discharge in bankruptcy or by statute, one of which is voluntary and the other compulsory. In the latter case a creditor of a bankrupt does not, by the resolution made by a portion of the creditors for a composition under the bankrupt law of 1874, release a person liable as a surety for the bankrupt's debt to him. It is, however, the general rule, that a surety is released when the principal debtor is discharged by the voluntary act of his creditor. *De Coly. on Guar.* 399 To preserve his security on a joint obligation, the creditor should reserve the right on the presentation of his claim to the assignee, obtain

the consent of the sureties, and their agreement to continue their liability.

There is no force in the suggestion that this partial payment by a dividend under the assignment, being the payment of a less sum of money than the whole debt, is no satisfaction of the infant's claim, for while it is the legal rule that a part payment without a formal release cannot be pleaded as an accord and satisfaction of a larger debt, this payment was made and accepted under a statute by a composition and agreement with creditors that all claims presented under the assignment should be settled, and each received his dividend in satisfaction. *Daniels* v. *Hatch*, 1 *Zab.* 391.

Thus far the case has been considered as if the only breach assigned was the non-payment to the succeeding guardian or to the ward, on arriving at full age, of the sum ascertained by the decree of the Orphans' Court to be due from the principal obligor in this bond, but there are other breaches set out: (1) that the guardian did not, within three months from the date of the bond, deliver an inventory to the surrogate; (2) that he did not deliver to the surrogate an inventory of all the personal estate of the infant which came to his hands after the date of the bond; (3) that he did not take care of the estate of the infant, and (4) that he did not render up the estate to the person entitled by law to receive the same. To all these breaches the defendants plead, in the third and fourth pleas, that the settlement of the guardian's account in the Orphans' Court, the claim presented to the assignee, and the dividend received on the sum of $3722.95, ascertained by the account and decree of the Orphans' Court to be due from the said Benjamin F. Dean to the infant on account of the guardianship, included not only the amount due for the estate received by the guardian, but all damages sustained by the infant, or any one in his behalf, by reason of any breach of the condition of the bond. It is claimed that the debt and damages were all satisfied by the payment and acceptance of the dividend. It is obvious that the Orphans' Court, acting under its statutory authority, heard, determined and settled the final

account of the guardian, and found a certain amount of the estate of the infant due from the guardian to his successor in office, and to the ward. This sum, the defendants say, the guardian has settled by the distributive quota of his estate received from his assignee. What money was there to pay the damages alleged in the declaration to have been sustained by the default and misconduct of the guardian in not caring for the estate, and how were these damages ascertained and adjusted by the Orphans' Court? It is manifest that the damages claimed for these breaches are outside of this settlement, and there is no legal accord and satisfaction for them in these pleas. There can be no legal inference that the court passed upon the question of these damages, if they had the power to do so, nor will the pleader be allowed to draw such inference. *Potter* v. *Hiscox*, 30 *Conn.* 508. It is frivolous pleading, therefore, for the defendants to say that the dividend paid not only the debt on the account, but was also received in satisfaction of damages for the other alleged breaches of the bond, and, if it appear judicially to the court, on the defendants' own showing, that they have pleaded false pleas, this is a good cause for demurrer. 1 *Chit. Pl.* *541. For this reason, that the defendants have failed to answer in these two general pleas all the actionable breaches laid in the declaration, there should be judgment for the plaintiff on the demurrers to the third and fourth pleas.