## Estate of Caroline McFadden.    Appeal of John W. McFadden.

*Decedent's estate—Award of arbitrators unappealed from is a basis to compel administration.*

An award of arbitrators, against an estate of a lunatic upon proceedings regularly had, which is unappealed from, is a final judgment conclusive between the parties to it, and becomes a sufficient basis for a petition asking for the administration of the defendant's estate.

Argued March 21, 1898.  Appeal, No. 13, March T., 1898, by John W. McFadden, from decree of O. C. Blair Co., Oct. T., 1896, No. 449½, dismissing appeal from decree of register of wills granting letters of administration.  Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.  Affirmed.

Appeal from register of wills.  Before BARKER, P. J., of the 47th judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

The court below dismissed the appeal from the decree of the register of wills granting letters to John W. McFadden on the estate of Caroline McFadden upon the petition of Barbara McFadden, an alleged creditor of decedent's estate.  John W. McFadden appealed.

*Errors assigned* among others were (2) in not deciding "that Barbara McFadden is not a creditor of the estate of Ann Caroline McFadden;" "that she is not a party interested therein," and "therefore was not entitled to the citation to show cause why letters of administration should not be granted."  (7) In making the decree, which is as follows: "And now, May 4, 1897, the appeal is dismissed, and it is directed that letters of administration be issued to John W. McFadden on the estate of Caroline McFadden."

*M. M. McNeill*, for appellant. —The appellant did not show that there was any property on which to administer.  She utterly failed to show by any evidence that she was a creditor.

She did not file the affidavit necessary as to the amount of the property to be administered showing the amount of the debt and that she had no other security; and of the time the debt became due, etc., in order that it might be seen that the debt was not barred by the statute of limitations: Lightner's Est., 144 Pa. 273.

A debt barred by the statute of limitations is no debt at all. If there be no creditors, the heirs have a complete equitable title in the property of their ancestors, and if they agree to distribute among themselves they may do so without taking letters of administration: Walworth v. Abel, 52 Pa. 370.

The award against Caroline McFadden's estate is not, and never was a lien on her real estate: Wright's Appeal, 8 Pa. 57; Bennett v. Hayden, 145 Pa. 586; Eckstein's Est., 1 Clark, 224.

A judgment obtained subsequent to the inquisition and finding in lunacy is not a lien on the real estate of the lunatic: Harmstead v. Kingsley, 3 W. N. C. 64.

*O. H. Hewit*, with him *John D. Blair*, for appellee.

OPINION BY ORLADY, J., April 25, 1898:

Caroline McFadden was regularly adjudged a lunatic by confirmation of an inquisition on July 23, 1883, and on December 18, 1883 James Condron was appointed committee of her person and estate. On July 3, 1886 the committee accepted the trust and filed a bond as required by the order of the court.

On June 3, 1887 an action was brought by Archibald McFadden and Barbara McFadden, in right of the said Barbara, against James Condron as committee of Caroline McFadden, and after some unexplained delay, an award for $3,600, under the compulsory arbitration Act of June 16, 1836, P. L. 715, sec. 24, was secured and docketed on May 14, 1888, in favor of the plaintiff in that action. This judgment has never been appealed from.

Caroline McFadden died December 26, 1890. Archibald McFadden died September 14, 1887, and subsequent to the entry of the judgment on the award of arbitrators certain proceedings were had thereon, the regularity of which is questioned, but they are not considered in our disposition of this case.

On November 24, 1896, Barbara McFadden presented her

petition to the register of wills of Blair county praying for a citation to the legal representatives of Caroline McFadden, requiring them to appear and to accept letters of administration or to renounce their right thereto, or to show cause why letters of administration should not be granted to her, as a person interested in the estate of the decedent, she claiming to be a creditor thereof.

To the citation awarded, John W. McFadden, a brother of the decedent, appeared and denied the right or the necessity for administration, alleging that the petitioner was not a creditor; denying that there was any estate, and averring that he was the only heir of the decedent under the intestate laws, etc.

The register directed that letters of administration be issued to John W. McFadden, who appealed to the orphans' court, and after hearing, the appeal from the register was dismissed and letters of administration were directed to be issued to John W. McFadden, on payment of the costs, etc., by Barbara McFadden.

From this decree an appeal brings the case before us, and the only question disposed of by this opinion is whether the unappealed-from award of arbitrators, perfected by the judgment entered thereon, was sufficient evidence of the right of the plaintiff in that judgment to have letters of administration issued on the estate of the deceased defendant.

The good faith of the committee in allowing the award of arbitrators to ripen into a judgment is seriously questioned, but the regularity of the action or the proceedings thereunder have not been controverted. That he had the power to assent to the submission has been decided: Hutchins v. Johnson, 12 Conn. 376; 30 Am. Dec. 622; Weston v. Stuart, 11 Me. 326. The effect given to the judgment is the basis of appellant's complaint.

By the 23d section of the Act of June 1836, P. L. 715, it is made the duty of the prothonotary receiving the award to forthwith enter the same of record in the proper docket, and by the 24th section, "every award so entered shall have the effect of a judgment with respect to the party against whom it is made, from the time of the entry thereof, and shall be a lien upon his real estate, until reversed upon appeal, or satisfied according to law."

The committee by his silence accepted the award as correct in amount, and it has stood unassailed from the date of its entry. No attack has been made against it, nor have the proceedings under it been directly questioned. No allegation has been made in any proper forum that the award was secured by collusion or fraud or for a greater amount than was legally due. An award of arbitrators, unappealed from, is as conclusive of the right as a verdict and judgment: Lamb v. Miller, 18 Pa. 448; Hostetter v. Pittsburgh, 107 Pa. 419.

A valid award operates as a final and conclusive judgment as between the parties to the submission, or within the jurisdiction of the arbitrators, respecting all matters determined and disposed of by it. It stands good for all time, unless the award itself, the submission, or the statute under which the arbitration is had, specifically limits its effect to a shorter period; as long as it remains unimpeached, it cannot be contradicted by other evidence: Morse on Arbitration, 487; 2 Am. & Eng. Ency. of Law (2d. ed.), 794.

The judgment entered on the award was none the less effective and permanent, as far as its conclusiveness was concerned, because the defendant did not have real estate on which it could become a lien, or because the plaintiff by inaction permitted it to lose a lien if any ever attached. As it stood upon the record it was a final judgment, conclusive between the parties to it, and was a sufficient basis for the petition asking for the administration of the defendant's estate. This is all that we decide.

The judgment is affirmed.