## DANIELS v. HATCH AND ALS.

1. A parol agreement by a creditor to accept from his debtor less than is due by way of compromise is *nudum pactum*, and void, and cannot be set up in bar as an accord and satisfaction.

2. But where the creditor has received security, as by an assignment, made on the faith or in consideration of such agreement, or other creditors, have been induced to sign the composition deed thereby, it is binding, and will be a complete defence to the original action.

This was an action on the case tried at the Essex Circuit, at August Term, 1845, before the late CHIEF JUSTICE: a verdict was rendered, under the direction of the Circuit Judge, in favor of the plaintiff for the whole amount claimed, with leave for defendants to move for nonsuit at bar on a special case stated.

The plaintiff's claim was founded on two promissory notes given to him by the defendants, which were not disputed. The defence was rested on an alleged agreement for composition, founded on the following facts. A deed of composition dated July 14, 1840, was executed between the defendants and their (other) creditors, by which the latter in consideration of an assignment to be made for their benefit, covenanted to release the defendants from their debts, and the deed, if assignment required by that agreement was duly made, dated October 17, 1840. The plaintiff, although applied to several times for that purpose, did not sign the composition deed, alleging that it might injure a claim he had against A. M. H., one of the defendants, for which he had issued an attachment in Charleston, S. C. on property there; but said if *that debt* was settled, he would sign the deed. Paul Spofford, who last applied to plaintiff, said that he would guaranty to him that signing the composition deed would not injure his claim or security in Charleston, and plaintiff said that then he would sign the composition, but the deed not being there, it was not then signed. After this, the plaintiff's attorney in Charleston compromised his claim there for 90 per cent., and then the plaintiff refused to sign the composition deed, because he had not received the whole of the separate debt of A. M. Hatch. The assignee under the assignment deed had closed his trust, and had retained

in his hands the ratable share of the plaintiff on his debt which he was ready to pay plaintiff, but which had never been paid or tendered to him.

The motion for leave to enter nonsuit was argued before the CHIEF JUSTICE, and NEVIUS and CARPENTER, JJ.

*W. Pennington,* in support of motion.

*Hubbell,* and *Parker,* contra.

*Pennington,* for motion, cited *Heathcoate* v. *Cruikshanks,* 2 *T. R.* 24; *Wood* v. *Roberts,* 2 *Starkie R.* 617; *Brady* v. *Shiel,* 1 *Camp.* 147; *Bradly* v. *Gregory,* 2 *Camp.* 383; *Butler* v. *Rhoades,* 1 *Esp. R.* 236; *Steinman* v. *Magnus,* 11 *East.* 390; *Lowe* v. *Egington,* 7 *Price* 604.[1]

*Parker,* and *Hubbell,* against the motion.

1. The composition deed cannot be in any manner considered as the *deed* of the plaintiff. If mere *assent* to a deed without signing or sealing, makes it the deed of the party, all the well established and peculiar doctrine of the common law as to the binding force of deeds, founded on the solemnity of their execution, is at once overturned, and a casual conversation may create a deed.

The deed can only be material as containing the terms of the composition which the plaintiff is alleged to have agreed to.

2. A stipulation by parol to a composition, or to accept *part* of a debt in satisfaction of the whole is *nudum pactum,* and void; and though payment be tendered, it is no discharge of the original cause of action. *Pinnell's Case* 5 *Rep.* 117; *Cumber* v. *Wane,* 1 *Str.* 425, and 1 *Smith L. C.* 146; *Heathcote* v. *Cruikshank,* 2 *T. R.* 24; *Lynn* v. *Bruce,* 2 *H. Bl. R.* 317; *Fitch* v. *Sutton,* 5 *East.* 230; *Seymour* v. *Minturn,* 17 *John.* 169; *Johnston* v. *Brannan,* 5 *John.* 271; *Dederick* v. *Lehman,* 9 *John.* 333; *Johnes* v. *Bullit,* 2 *Litt. (Ky. R.)* 49; 4 *Litt.* 242; *Allen* v. *Rosevelt,* 14 *Wend.* 100; *Harrison* v. *Close,* 2 *Johns.* 448.

The English cases that seem to hold the contrary doctrine, are mostly cases where there was some security by way of consideration, or where the refusal was a fraud on other creditors who had been induced to sign by the promise, or are mere dicta at *nisi prius*.

In *Greenwood* v. *Ledbitter*, 12 *Price* 183, the Court of Exchequer reviewed all the former decisions, and refused to sustain an agreement to compromise, made by letter, and on which part of the dividend had been accepted, and the residue tendered.

3. Plaintiff's agreement was only conditional, if paid, or secured the whole amount of claim in South Carolina. This has never been done.

The CHIEF JUSTICE delivered the opinion of the court.

The question raised, and very elaborately argued on the briefs of counsel in this case is, whether a parol agreement by a creditor to accept from his debtor by way of compromise less than is due, is a discharge or satisfaction of the original debt, or may be set up in bar as an accord and satisfaction of the whole claim.

It would seem to be well settled by authority, that such an agreement is *nudum pactum* and void, and although payment of the sum agreed upon by way of composition be tendered, or actually received, it is no discharge of the original debt. Although it has been said, and I think with much truth, that the rule rests upon reasons rather technical than satisfactory, it was long since adopted, and is supported by very great weight of authority. *Cumber* v. *Wane*, 1 *Stran.* 425 ; *Heathcote* v. *Cruikshanks*, 2 *T. R.* 24 ; *Lynn* v. *Bruce*, 2 *H. Bl.* 317 ; *Fitch* v. *Sutton*, 5 *East.* 230 ; *Down* v. *Hatcher*, 101 *Ad. & El.* 121 ; 1 *Smith's lead. cas.* 146 ; *Harrison* v. *Wilcox*, 2 *J. R.* 450 ; *Seymour* v. *Minturn*, 17 *J. R.* 174 ; *Boyd* v. *Hitchcock*, 20 *J. R.* 78 ; *Allen* v. *Roosevelt*, 14 *Wend.* 100 ; *Howe* v. *Mackay*, 5 *Pick.* 44 ; *Brooks* v. *White*, 2 *Metcalf* 283.

But where a debtor has induced a number of creditors to accept a composition less than their entire demand, each acting upon the faith of the engagements of the others, the case is not

within the principle of *Cumber* v. *Wane.* In such case each creditor has the undertaking of the others as a consideration for his own.

It is also placed upon the further ground that the composition, even if voluntary, should be enforced, as it would otherwise operate as a fraud upon the other creditors who were induced by it to accept the composition. *Greenwood* v. *Ledbetter,* 13 *Price* 183; *Wood* v. *Roberts,* 2 *Stark,* 417; *Cockshot* v. *Bennett,* 2 *T. R.* 763; *Steinman* v. *Magnus,* 11 *East.* 390.

The present case, however, appears to rest upon somewhat different principles. So far as can be gathered from the state of the case, a composition deed was executed by Hatch & Co., and their creditors, by which the latter, in consideration of an assignment to be executed by Hatch & Co. for the benefit of their creditors, release and discharge the defendants from their debts. The deed of assignment was executed pursuant to the agreement. If such an agreement even by parol be executed, the creditor is barred, though he refuse to accept his dividend from the assignee. In contemplation of law, he has received a valuable consideration for the discharge. A new contract is entered into between the parties. The assignment by the debtor constitutes a consideration for the release by the creditor. *Eaton* v. *Lincoln,* 13 *Mass.* 424; *Good* v. *Cheeseman,* 2 *Barn. & Ad.* 328; *Tatlock* v. *Smith,* 6 *Bing.* 339; *Cranley* v. *Hillary,* 2 *Maule & Sel.* 120; *Bradley* v. *Gregory,* 2 *Camp.* 383; *Boothbey* v. *Sowden,* 3 *Camp.* 175; *Butler* v. *Rhodes,* 1 *Esp.* 236; *Jolly* v. *Wallis,* 3 *Esp.* 228.

Had the plaintiff in this case become a party to the contract, the defence would have been complete. But the whole case made by the defence, admitting the promise of the defendant to be clearly proved, is not that he became a party to the compromise, but that he promised to do so. There is no pretence that he became a party to the deed of composition, or that he acquired any rights, or could legally derive any advantage, whatever from it.

Nor is it pretended that any other creditor was induced to accept the compromise in consequence of the promise made by the plaintiff to sign the deed. On the contrary, it seems highly

APRIL TERM, 1848. 395

probable, if not certain, from the evidence, that both the composition deed and the assignment were fully executed before the alleged promise was made by the plaintiff.

NEVIUS, and CARPENTER, JJ. concurred.

Let the rule to show cause be discharged.

CITED *in Line* v. *Nelson*, 9 *Vr.* 360.