## SUPREME COURT.

### CAMERON AND McKAY agt. YOUNG.

The remedy heretofore given by *scire facias* to obtain execution of a judgment, is superseded by the provisions, for an *action* therefor under the Code.

The 428th section of the Code says, " The writ of scire facias, the writ of quo warranto and proceedings by information in the nature of quo warranto, are abolished, and the remedies, heretofore obtainable in those forms, may be obtained by civil actions, *under the provisions of this chapter.*" But there is no provision, nor a word said about an action in lieu of a remedy by scire facias, in the whole chapter. Of course, the provision has to be sought out and sustained from other parts of the Code.

*Erie Special Term, December* 1851. George Truscott recovered a judgment in this court against the defendant. In July 1851, Truscott died. By his last will, &c. he appointed executors who proved the will and took upon themselves its execution. They then sold and transferred the judgment to the present plaintiffs who sued out a writ of scire facias to obtain execution of the judgment. The defendant moves to set aside the scire facias, upon the ground that this remedy is abolished by the Code.

TORRANCE & TALCOTT, *for Defendant.*

GEO. W. HOUGHTON, *for Plaintiffs,* referred to the *Code,* sections 428, 376, 377, 468, 121–2, 71, 111, and to *Foster's Writ of Scire Facias.*

Cameron and McKay agt. oYung.

MARVIN, Justice.—The counsel for the plaintiffs insists that the Code has provided no remedy in a case where the plaintiff dies after judgment and before execution, and that therefore by section 468, the practice heretofore in use, may be adopted, so as to prevent a failure of Justice. This position is undoubtedly correct, unless the right to have execution of the judgment may be prosecuted *by action* in the manner provided by the Code. In my opinion the right may be so prosecuted, and there is no necessity of resorting to the writ of scire facias heretofore in use. It was conceded on the argument that the defendant resided in this state and that he had been personally served with the writ.

By section 69 of the Code, the forms of all actions and suits theretofore existing were abolished, and one form of action for the enforcement or protection of private rights and the redress of private wrongs, denominated a civil action, was substituted.

By section 468 all statutory provisions inconsistent with the Code are repealed, and all *rights of action* given or secured by existing laws may be prosecuted in the manner provided by the act. It is also provided in this section, that if a case shall arise in which an action for the enforcement or protection of a right, &c. can not be had under the act, the practice heretofore in use may be adopted so far as may be necessary to prevent a failure of justice. It is claimed that the present case comes within the saving clause of this section; that a proceeding by scire facias to have execution of a judgment was never an *action* and can not be regarded as an action, and that, therefore, it is not included in the remedies given in the Code; that it is a judicial writ to continue the former suit and to have execution of the judgment.

This was undoubtedly the nature and object of the writ. It was given by statute to avoid the necessity of an action of debt upon the judgment, where there had been a delay beyond the time allowed by law, in suing out execution. In *Foster's Writ of Scire Facias, p.* 11, it is said, " In all cases where the writ of scire facias is required either to revive a previous judgment above a year old, or where a person has become interested in the suit who was not a party to the judgment, it is a judicial writ to warn the defendant to plead any matter in bar of the execution,

and in these cases it is only a *quasi* continuation of the former suit, brought merely to revive a former judgment, and is then properly called a writ of execution" (see also *Tidd's Pr. Scire Facias*).

The proceedings by scire facias have many of the characteristics of an action. The writ contains a declaration; the defendant may answer it by demurrer or plea. Issues may be joined and tried and judgment follows, and *Tidd* says it is considered in law an *action* (see also *Co. Litt.* 290 *b*). BULLER, J. (2 *T. R.* 45), says, " It has been held in a variety of cases that a scire facias is an *action*"; and FOSTER (*p.* 13) says the writ in all cases is in the nature of an action, because the defendant may plead to it; for whenever the defendant may plead to any writ, whether original or judicial, it is in law an action, and though to revive a judgment, it is a judicial writ to continue the effect of, and " have execution" of the former judgment; yet it is in the nature of an action, because the defendant may plead any matter in bar of the execution upon the judgment.

Our courts have often recognized the scire facias as a new action.

In Gonnigal vs. Smith (6 *J. R.* 106), the court held that the sci. fa. was a new action and required a new warrant of attorney. In Murphy vs. Cochran (1 *Hill*, 342), it was held, in construing the word " scire " in a statute, that a scire facias was a suit or action.

The definition of an action given in the Code is sufficiently comprehensive to include the proceeding by scire facias to have execution, &c. It is a proceeding in a court of justice by which the plaintiff prosecuted the defendant for the *enforcement* of a *right.* If the judgment has not been satisfied, it is the right of the representatives of a deceased judgment creditor to have satisfaction thereof by execution.

A scire facias to revive a judgment, or rather warning the defendant to show cause why the plaintiff should not have execution thereof, being regarded as an action, sections 69 and 468, without the saving clause, are applicable to the case; and the remedy by a writ of scire facias, in a case like the present, no longer exists.

I can see no difficulty in resorting to the general remedy by action given by the Code. The summons may be in the usual · form, and the complaint in stating the facts constituting the cause of action, will state the same facts substantially, which were formerly stated in the writ of scire facias. The proper relief will then be demanded, viz: that the plaintiff have execution of the judgment. The defendant, by answer can make any defence which he was allowed to make by plea to the writ or the declaration contained in the writ. The judgment in effect will be the same as under the superseded practice, and the lien upon land will be preserved. I see nothing in the system of the Code conflicting with this practice. Section 71, prohibiting an action upon a judgment rendered in certain courts between the same parties, has no application. The parties to this action are not the *same* parties as those to the judgment.

No inference, adverse to the views here taken, can be derived from sections 376 and 377.

I have not referred to section 428, though it was much considered by counsel upon the argument. I prefer to place my decision upon the grounds already stated, without reference to this section, by which it is declared that the writ of scire facias, the writ of quo warranto, &c. are abolished, and the remedies heretofore obtainable in those forms, may be obtained by civil action under the provisions of *this chapter*." Had the language been *this act*, instead of " this chapter," there could have been no question as to the direct abrogation of the writ of scire facias to revive a judgment, as I have already shown that the general remedy by action is suitable and sufficient. But on looking into the *chapter*, in which section 428 is contained, there are no provisions applicable to a scire facias to revive a judgment, hence it was contended that the legislature did not intend to abolish the writ in such a case.

No such inference can be drawn from this fact. The most that might be claimed is, that the legislature did not have in contemplation the writ of scire facias to revive a judgment. This would not affect the other provisions of the Code to which I have referred and upon which I found my opinion.

Motion granted, but without costs.