Humiston v. Smith.

---

HUMISTON v. SMITH et al.

21  129<br>118  384

THE writ of *scire facias* is a remedy unknown to our practice, and cannot be employed for the revival or enforcement of a judgment.

The term "civil action" in that section of the Practice Act, providing that "there shall be in this State but one form of civil action for the enforcement, etc.," includes the remedies provided for the enforcement of judgments.

The system of remedies provided by our Practice Act is exclusive, and when it provides an adequate remedy no other can be pursued.

APPEAL from the Third Judicial District.

On the twenty-fifth day of February, 1861, the appellants applied to the Third District Court for the county of Alameda for a writ of *scire facias*, to enforce a judgment for some $10,000, previously recovered by them in said Court against the respondents, and then unsatisfied.    The writ was issued, directed to the Sheriff of the county, and commanding h'm to make known to the defendants in the judgment (respondents here) that they must appear before the said Court at a day named and show, if they or either of them knew anything, why the plaintiffs should not have execution upon the judgment.

The writ having been returned served, the defendants on the day fixed to show cause appeared and moved to quash the writ, on the ground that it was not a form of remedy which was authorized by our law.

The motion to quash was granted, and the plaintiffs having excepted to this order now appeal from it.

*J. B. Townsend*, for Appellant.

That no provisions on the subject of the writ of *scire facias* or proceeding thereunder are to be found in our Practice Act may be admitted.    The writ may, therefore, in that sense, be said to be " unknown to our code."

But there are other writs which are equally " unknown to our code," which nevertheless exist, and may be issued and prosecuted in this State.    The writ of error is, in like manner, unknown to our code, and yet it issues from this Court, and is the continuation of an action brought in the lower Court for the purpose of review and reversal if found erroneous in cases where an appeal has not been provided by our Practice Act.

The writs of assistance and sequestration are likewise " unknown to our code," and yet are issued whenever required, to enable a party to obtain the full benefit of a judgment in his favor, or to execute such judgment, or enforce an order of the District Courts.

These latter two writs, it is true, are issued in chancery cases ; but the provisions of our code, or Practice Act, purport to be com-

plete, and are as fully applicable to that class of cases as to those at common law. No distinction is made in the form of action, or in the mode of proceeding, whether the remedy is legal or equitable. In both classes of cases, a common form of action is prescribed, and an outline of the proceedings to final judgment and execution is laid down. But to carry into complete execution and effect such judgment when obtained, the Courts may and do issue any and all other writs known to either the common law, or chancery systems of practice. Their right to do this is expressly recognized, if not conferred, by the twenty-second section of the "Act concerning Courts of Justice and Judicial Officers." (Wood's Dig. 150, art. 644.)

No writ, therefore, known to the common law or chancery practice, and which is necessary or proper to enable our Courts to carry into full execution and satisfaction the judgments rendered by them, can be "repugnant to" or "inconsistent with" the provisions of our Practice Act, merely because it is not named in it, and is, in that sense, unknown to it. The whole error of the Judge below in this case arises from his considering the *scire facias* to revive a judgment as a new and independent action. The authorities, both English and American, clearly show that it is not. It is merely the continuation of the old action for the purpose of having the judgment which has already been rendered therein fully satisfied, if the same has not already been done. The writ is merely to call the defendant back into Court after the lapse of a certain length of time, to allow him to show, if he can or desires, that the judgment has been satisfied, before allowing the plaintiff an execution thereon.

Our Practice Act has made such writ unnecessary, if the plaintiff is able to obtain his satisfaction within five years from the rendition of the judgment, to that extent enlarging the time allowed by the common law. But if not so able he might, under the two hundred and fourteenth section and before its repeal by the Legislature of 1861, have likewise obtained an execution by motion before and by leave of the Court.

This, however, we apprehend, was not the only remedy which the judgment creditor might pursue. It is well settled that the giving

of a statutory remedy or proceeding for the enforcement of an existing right does not take away any previous remedies existing at common law, unless express words of repeal or prohibition are used. (*Farmer's Turnpike* v. *Coventry*, 10 Johns. 385; *Calden* v. *Eldred*, 15 Id. 220; *Clark* v. *Brown*, 18 Wend. 220; *Stafford* v. *Ingersoll*, 3 Hill, 38; *People* v. *Craycroft*, 2 Cal. 244; *Rex* v. *Robinson*, 2 Barr, 803, 805.

At common law such creditor might have maintained a new action upon the judgment, which by lapse of time was presumed satisfied, and obtained a new judgment thereon and satisfaction thereof. (Coym's Dig. Debt, A 2; 1 Chit. Pl. 111; *Ames* v. *Hoy*, 12 Cal. 19.) Or he might (at least since the statute of Westminster 2d, 13 Edw. I, which is a part of the common law of England, as adopted in this State) have continued the proceedings in the original action by the writ of *scire facias*, which was in that class of cases an interlocutory writ in the nature of process for the purpose of obtaining a revival of the old judgment and execution and satisfaction thereof. (2 Tidd's Practice, 1102, 1103, 1096, 1105, 1106; 2 Archb. Pr. 87.)

The nature and functions of this writ, in that class of cases, as a mere continuation of the prior action, are clearly shown by the following authorities: (*Treasurer* v. *Foster*, 7 Verm. 52; *Wolf* v. *Penserford*, 4 Ham. O. 397; *Executors of Wright* v. *Nult*, 1 Term, 388; *McGill* v. *Pereigo*, 9 Johns. 259.)

There is nothing in the Practice Act of this State which either before or since the repeal of the two hundred and fourteenth section, has prohibited a party from selecting and pursuing which of the several remedies, to enforce the payment of his judgment, he may choose. It is not questioned that if he brings a new action thereon, he must bring it in the one form prescribed by our Practice Act. But if his proceedings are merely in continuation of the former action, and for the purpose of obtaining an execution upon the judgment rendered therein, the same rule which would require him to adopt the form of an action for obtaining that relief, would require the adoption of the like form whenever a plaintiff applies for any other interlocutory or executive remedy. As before intimated, the repeal of the two hundred and fourteenth section has only

taken away the statutory mode of obtaining the satisfaction of a judgment after the lapse of five years.  The two common law modes of arriving at the same result, remain—that is the remedy by a new action thereon—in the nature of an action of debt, and that of a revival of such judgment by a continuation of the original proceedings.

*A. M. Crane,* for Respondent.

I.   The writ of *scire facias* is not a common law writ.   (2 Just. 469; 8 Bac. Abr. 600; Coke Lit. 6, 290; 3 Co. 12; 4 Mad. 248; 3 Wood, 189; 2 Rever's Hist. 190; 3 Bl. Com. 421, original paging.)

II.   The writ of *scire facias* is prohibited by the Practice Act and inconsistent with its provisions, and therefore cannot be resorted to.

The first case to which we refer, and which really covers the entire ground and is decisive of the question, is that of *Cameron* v. *Young,* (6 How. Pr. 372).   In that case a *scire facias,* as authorized by the revised statutes of New York, had been issued to revive a judgment..  On motion to set aside the writ, the question arose whether section four hundred and twenty-eight of the code as amended in 1849, whereby this writ was by name and in express terms abolished, applied to any other than records of a public nature.   The Court (Harris, J.) without deciding the question upon that section (428) held in express terms that, independent of that repealing section the writ was superceded by the code, being inconsistent with its general provisions.   That the only legal way to proceed was by action—filing a complaint, issuing a summons, and demanding as relief that an execution be issued upon the judgment.   And this decision is fully concurred in by Judge James, in *Alden* v. *Clark,* (11 How. Pr. 209) who says: "But Justice Marvin held in *Cameron* v. *Young* (6 How. 372) that as a *scire facias* was an action, it was abolished by section sixty-nine of the code, in which decision I fully concur."   And Judge Mitchell, in 1 Abbott, 127, cites both of the foregoing decisions with approbation.

Our code, like that of New York, provides that there shall be

Humiston v. Smith.

but one form of action, and one uniform mode of procedure, and the above authorities are in point and decisive.

III.   The proceeding by *scire facias* is an action.

"A *scire facias* is considered as an action, or in the nature of an original. (2 Bouvier's Law Dic. 499.) The defendant may plead to it, and it is in that respect considered as an action. (Id.)"

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an appeal from an order quashing a writ of *scire facias* issued by the District Court for Alameda County, to revive a judgment. The writ recites that the judgment is unsatisfied, and requires the defendants to appear and show cause why the plaintiff should not have execution, etc. The relief sought by the writ is amply provided for by the Practice Act, and the remedy invoked is inconsistent with the provisions of that act. The act expressly declares that "There shall be in this State but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs;" and the terms "civil action" include the remedies provided for the enforcement of judgments. The intention was to adopt a uniform and complete system, and it is impossible to give effect to that intention if parties are at liberty to disregard the course of proceeding pointed out. The system, if it be a system at all, is necessarily exclusive, and the introduction of other remedies would destroy its uniformity and defeat the purposes of the act. There is some discussion in the briefs as to whether the remedy by *scire facias* is a part of the common law as adopted in this country, but in the view taken this question is immaterial. It is a remedy unknown to our practice, or if known is not applicable in a case of this character where appropriate remedies are expressly provided. The Courts of New York have frequently determined that the code of that State, the provisions of which are similar to those of our Practice Act, abolished and superseded the writ of *scire facias*. The subject was fully considered in *Cameron* v. *Young* (6 How. Pr. 372) and *Alden* v. *Clark*, (11 Id. 209) and an examination of these cases will show that they are directly in point upon the question before us.

The order is affirmed.