46 N.J. Super. 400 (1957)
134 A.2d 802
J. ROBERT MASSEY, PLAINTIFF-RESPONDENT,
v.
DEL-VALLEY CORP., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1957.
Decided September 30, 1957.
*401 Before Judges CLAPP, JAYNE and HUGHES.
Mr. Ralph S. Warrington argued the cause for plaintiff-respondent (Messrs. Evoy & Feinberg, attorneys).
Mr. James Hunter, III, argued the cause for defendant-appellant and intervener-appellant, Scholz Homes, Inc. (Messrs. Archer, Greiner, Hunter & Read, attorneys).
*402 The opinion of the court was delivered by CLAPP, S.J.A.D.
Defendant appeals from a summary judgment entered against it on a note for $5,000, with interest at 6%, made by it in favor of the plaintiff. The principal question before us is raised by the trial court's holding that an alleged composition agreement among defendant's creditors was not supported by consideration and hence that it did not constitute a good defense to the action.
According to an affidavit submitted in defendant's behalf on the motion for summary judgment, an agreement was entered into by the major creditors' of the defendant and an appointed creditors committee, pursuant to which (so far as need be stated here) defendant's creditors were given an option either (1) of receiving cash equal to 50% of their claims, in full satisfaction of them, or (2) of extending the time for their payment three years from some date in 1956. According to the affidavit, all defendant's creditors accepted one or the other of these alternatives, plaintiff having entered into an "agreement * * * to extend the time for payment of his claim." Whether or not this agreement of his was evidenced by a writing, is a matter not adverted to in the affidavits or briefs.
The law is settled that where two or more creditors agree to accept a stated percentage of their claims in full satisfaction of them, the agreement is binding, not only as among the creditors but as between each of them and the debtor. Daniels v. Hatch, 21 N.J.L. 391, 393, 394 (Sup. Ct. 1848); Crossley v. Moore, 40 N.J.L. 27, 34 (Sup. Ct. 1878); see Levine v. Blumenthal, 117 N.J.L. 23, 28 (Sup. Ct. 1936), affirmed at 117 N.J.L. 426 (E. & A. 1937); Morris Canal v. Van Vorst, 21 N.J.L. 100, 119 (Sup. Ct. 1847); cf. Ordinary v. Dean, 44 N.J.L. 64, 69 (Sup. Ct. 1882); 1 Williston, Contracts (rev. ed. 1936), § 126; 6 Corbin, Contracts, § 1283 (1951). But defendant contends that an agreement among creditors for the extension of the maturity of their respective claims three years, lacks consideration.
*403 With respect to the situation first stated, namely, where creditors agree to take in satisfaction of their debts a stated percentage, it should first be noted that the consideration does not consist, as plaintiff seems to assert, in the part payment of their claims; that is not a sufficient consideration. 1 Restatement, Contracts, § 84, comment d. In such a situation, according to some authorities, consideration is to be found in the detriment incurred by the debtor in his relinquishment of the privilege, undoubtedly his, to prefer one creditor over another. 6 Corbin, supra, 112; 1 Williston, supra, 435. However, there seems to be an aspect of unreality in such an analysis, at least in some cases; that is to say, situations can readily be conceived of where the foregoal of this privilege may not even be present in the mind of the debtor or indeed a conscious factor in the creditors' minds. Nothing is consideration that is not regarded as such by the parties; or, as it is usually put, consideration is the price bargained for by them. American Handkerchief Corp. v. Frannat Realty Co., 17 N.J. 12, 18 (1954); Friedman v. Tappan Development Corp., 22 N.J. 523, 535 (1956); Tumarkin v. Goldstein, 33 N.J. Super. 46, 51 (App. Div. 1954); Reinhardt v. Passaic-Clifton Nat. Bank, 16 N.J. Super. 430, 437 (App. Div. 1951), affirmed 9 N.J. 607 (1952); but cf. 1 Corbin, supra, § 116. We think, rather, that the consideration running to each of the creditors lies less often in securing from the debtor a relinquishment of his right to create a preference, and more often in securing from the other creditors a relinquishment of their right to seize the liquid assets and help themselves to a preference which might render the remaining claims largely valueless.
It will immediately be perceived that such a consideration supports not only a creditors' agreement to take a part of their claims in full satisfaction, but also an agreement on their part to extend the maturities of their debts for three years. Thus the plaintiff promissor, who allegedly promised to extend the maturity of his claim three years, received a benefit perhaps from the promissee, the defendant, *404 in securing from him a surrender of his right to make a preference during the three years, but in any event he received a benefit from the other creditors in securing from them an agreement not to appropriate to themselves a preference during the stated time. It is elementary that a benefit to the promissor constitutes a good consideration supporting his agreement with the promissee, whether the consideration moves to him from the promissee or from third persons (the creditors). Coast National Bank v. Bloom, 113 N.J.L. 597, 601, 602 (E. & A. 1934); Joseph Lande & Son, Inc. v. Wellsco Realty, Inc., 131 N.J.L. 191, 197, 198 (E. & A. 1943). As to what constitutes a benefit under this rule, see Long v. Bd. of Chosen Freeholders of the County of Hudson, 16 N.J. Super. 448, 453 (App. Div. 1951), reversed on other grounds 10 N.J. 380 (1952). For authorities holding that such agreements are supported by good consideration, see Gibbons v. Vouillon, 8 C.B. 483, 137 Eng. Rep. 596 (1849); Wilson v. Samuels, 100 Cal. 514, 35 P. 148 (Sup. Ct. 1893); Gardner v. Lewis, 7 Gill 377, 400 (Md. Ct. App. 1848); Glenn, Liquidation, § 90 (1935); contra see Henry v. Patterson, 57 Pa. 346, 350 (Sup. Ct. 1868); H.A. Pitts Sons Manufg. Co. v. Commercial National Bank of Chicago, 121 Ill. 582, 13 N.E. 156, 159 (Sup. Ct. 1887); 15 C.J.S. Compositions with Creditors, § 3.
The plaintiff's agreement here was therefore founded on a good consideration. Accordingly, the motion for summary judgment should have been denied, and the dispute as to the facts tried out. We need not consider several other theories which might perhaps also be advanced in support of this result, such as a theory of promissory estoppel (6 Corbin, supra, 113; cf. Friedman v. Tappan Development Corp., 22 N.J. 523, 538 (1956)), under which it might be claimed that, as the plaintiff should perhaps have reasonably expected, the alleged engagements of the plaintiff and other creditors to extend the maturities of their claims induced definite and very substantial action on the part of at least one of the creditors, Scholz Homes, Inc.; or a theory that defendant is the beneficiary of a donee beneficiary *405 contract among the creditors, 1 Corbin, supra, § 190; or a theory that plaintiff's promise to forbear collection of an interest-bearing debt for three years and the debtor's surrender of his technical right to pay off the principal of the debt and thus stop the accrual of interest thereon, gives rise to a good consideration. 1 Williston, supra, § 122; Restatement, Contracts, § 76, Illustration 7; Burack v. Mayers, 121 N.J. Eq. 135, 139 (Ch. 1936), affirmed 122 N.J. Eq. 5 (E. & A. 1937); Simpson, Suretyship, 358 (1950); Stearns, Suretyship (5th ed. 1951), 140; but cf. Grover v. Hoppock, 26 N.J.L. 191, 193 (Sup. Ct. 1857) (the note there may have been expressly made payable without interest).
One of the creditors, Scholz Homes, Inc., applied to the court below to intervene in the case, and it now appeals to us from the order denying its application. The application should have been granted.
Reversed. Costs to abide the event.